Jack C. PYLE, Appellant,

v.

Tommie MITCHELL et al., Appellees.

No. 6899.

Court of Civil Appeals of Texas.
Texarkana.

Dec. 27, 1956.

Rehearing Denied Jan. 24, 1957.

Florence, Florence & Garrison, Gilmer, for appellant.

Power, McDonald & Mell, Gilmer, for appellees.

DAVIS, Justice.

On July 12, 1937, F. L. Goode filed suit in the District Court of Upshur County, Texas, against Deadman & Williams Lumber Company, a partnership, to enjoin the cutting of timber from a 100-acre tract of land, and for damages for timber already cut from said land. By amended petition, Deadman & Williams Lumber Company, Inc., was substituted as defendant in lieu of the partnership. On September 15, 1937, judgment was entered in said cause, that plaintiff, F. L. Goode, take nothing, and all costs were adjudged against said plaintiff.

On February 9, 1938, an execution for costs was issued by the District Clerk of Upshur County on the aforesaid judgment, but was returned unexecuted. On July 30, 1938, another execution for costs was issued by said Clerk and on the same date the sheriff levied upon the ½ undivided interest of F. L. Goode in the 100 acres of land mentioned in the aforesaid suit. The property was advertised in the Gilmer Daily Mirror, a newspaper, according to law and was sold on September 6, 1938, by the sheriff of Upshur County to the highest bidder, Tommie Mitchell.

On December 1, 1948, Tommie Mitchell and wife conveyed to J. W. Bryce who was sheriff at the time of the sale of the property, a ½ interest of that which he, Mitchell, had acquired by the sheriff's deed (being an undivided ¼ interest in the tract of land). On April 28, 1950, F. L. Goode, joined by all the surviving heirs of W. J. and S. A. Goode, conveyed all the remaining interest that they owned at that time in and to the surface of the land involved to Jack C. Pyle; reserving all oil, gas and minerals owned by them in said land at that time.

On October 9, 1951, Jack C. Pyle filed suit in trespass to try title against Tommie Mitchell and J. W. Bryce to the aforementioned land to which the defendants answered by plea of not guilty and general denial. Upon trial of the case to the court, without a jury, it was expressly admitted that there was only a 50-acre tract of land involved, instead of 100 acres, and the case was so tried with the express consent of all parties, and judgment was rendered that defendants Mitchell and Bryce recover an undivided ½ interest, jointly, in and to the actual 50 acres of land and that Pyle recover the other ½ interest.

From this judgment Pyle has appealed, and brings forward three points of error, contending that the court erred in awarding a ½ interest in the property to Mitchell and Bryce because: (1) The record does not reflect the introduction into the evidence of a valid execution authorizing the sale of the land; (2) there was no evidence showing that the property sold by the sheriff was even levied upon, as shown by any official returns by any officer; and (3) that the trial court erred in not holding that the land in controversy was sold for a grossly inadequate price. Each point is challenged, and appellees bring forward two cross-assigments of error, complaining of the action of the trial court in: (1) Awarding appellant ½ the property; contending that the evidence offered by Pyle only established title to $^{50}/_{100}$ interest in the land; and (2) that the evidence showed that F. L. Goode, at the time of the execution sale, owned an undivided $^{60}/_{100}$ interest in the tract of land involved.

■ The trial court filed findings of fact and conclusions of law in which he found, et cetera, that: An execution was issued on July 30, 1938; the property was described in the return of the execution; the sale was made in accordance with the law; the property did not sell for a grossly inadequate price; and the execution issued on July 30, 1938, had been lost. The parol evidence offered was admissible and is suffi-

# 862

cient to support the findings. 17 Tex.Jur. 513, Sec. 204; McCormick on Evidence, pp. 413–4, Sec. 201. Points 1 and 2 are overruled.

 Appellant's Point 3 is without merit because appellant did not offer any evidence to prove the value of the property at the time of the sale. He refers us to the judgment in the aforementioned lawsuit between himself and Deadman & Williams Lumber Company, in which judgment the value of the property was found by the trial court; but, that judgment was offered in evidence by appellant upon the trial of the case for the "limited purpose of showing common source of title." The judgment being offered for such limited purpose, can be considered for that purpose only. 20 Am.Jur. 253, Sec. 264. Without the recitation in the judgment, there is not one word of proof as to the value of the property at the time of the sale. If we are in error, we find that the evidence is sufficient to support the finding of the trial court. The trial court no doubt considered the amount of the bid at the execution sale; the amount of taxes, penalty and interest due at the time; and the further facts that the land was undivided and additional costs would be incurred in securing a partition of same. The point is respectfully overruled

As above stated, the case was tried with the express understanding and agreement that only a 50-acre tract of land was involved. Appellee Bryce testified that at the time he levied the execution and sold the land, he only levied upon and sold a ½ undivided interest in the 50 acres. The trial court found that whatever interest F. L. Goode owned on April 28, 1950, he conveyed the same to Pyle; this finding is supported by the evidence. If Goode owned a $^{60}/_{100}$ interest in the land at the time of the execution sale, only $^{50}/_{100}$ was sold at such sale; and Goode conveyed a $^{10}/_{100}$ interest in and to the surface to Pyle by the 1950 deed and still owns a $^{10}/_{100}$

interest in and to the minerals as far as is reflected by the record in the case. Appellees' cross-assignments are overruled.

Finding no error in the record, the judgment of the trial court is affirmed.